IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIBA, INC., | No. C-11-01619 EDL |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| REARDEN COMMERCE, INC., et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Compel Defendants to produce a witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and to produce documents as requested in Plaintiff's Rule 30(b)(6) deposition notice. For the reasons stated at the hearing and in this Order, the Court grants in part Plaintiff's motion to compel.

On September 6, 2011, the parties submitted a letter to the Court stating, among other things, that they had agreed that: ". . . Ariba will conduct a prompt deposition of the person or persons at Ketera and Rearden most knowledgeable of their use of Ariba's IP pursuant to previously served 30(b)(6) deposition notices, subject to defendants' objections." On September 27, 2011, pursuant to that agreement, Plaintiff served a notice on both Defendants for a Rule 30(b)(6) deposition, and set the deposition for October 18, 2011. See Jacobs Decl. Ex. 1, 2. Defendants offered Rearden's Chief Technology Officer, Dan Pritchett, as the Rule 30(b)(6) witness.

Plaintiff argues that Mr. Pritchett was unprepared to answer questions on numerous topics, given Plaintiff's view that the topics in the deposition notice seek relevant information regarding Defendants' "use" of Plaintiff's intellectual property that go directly to the claims in this case. Defendants, however, argue that Mr. Pritchett was adequately prepared for the deposition, given Defendants' view that the deposition was only meant to be a high level deposition to provide the

parties with enough information about the types of issues that fall within the broad category of "use" of Plaintiff's intellectual property to frame further discussions about the proper phasing of discovery. As stated at the hearing, although the parties have differing opinions on the scope of discovery they agreed to, at this point in the case, the Court orders that discovery on all topics, except for purely damages issues, shall go forward and the parties should continue to confer on how to proceed in an orderly fashion.

**IT IS SO ORDERED.**

Dated: December 20, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge